**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RAYNARD RICHMOND,**

      **Plaintiff,**

                                    **Civil Action 2:16-cv-890**
      **v.**                              **Judge Michael H. Watson**
                                      **Magistrate Judge Elizabeth P. Deavers**

**PAUL BUMGARDNER,** *et al.***,**

      **Defendants.**

**REPORT AND RECOMMENDATION**

This matter is before the United States Magistrate Judge for a Report and

Recommendation on the Court's repeated Orders and Notices of Deficiency (ECF Nos. 2, 15, and

9).  For the reasons that follow, it is **RECOMMENDED** that Plaintiff's action be **DISMISSED**

**WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

Plaintiff filed this action in July 2016.  (ECF No. 1.)  Because Plaintiff had neither paid

the filing fee nor submitted an application to proceed *in forma pauperis*, the Court issued a

Deficiency Order.  (ECF No. 2.)  The Deficiency Order afforded Plaintiff thirty days to either pay

the filing fee or submit an *in forma pauperis* application and certified copy of his inmate trust

fund account for the preceding six-month period and cautioned him as follows:

> If plaintiff fails to comply with this Order, the Court shall dismiss his case for want
> of prosecution. . . .  If plaintiff's case is dismissed for failure to comply with this
> Order, the case will not be reinstated to the Court's active docket despite payment of
> the filing fee.

(Aug. 17, 2016 Order, ECF No. 2 (internal citation omitted).)

Plaintiff subsequently submitted the requisite trust fund statement, but the affidavit he submitted remained deficient because it was unsigned.  (ECF No. 3 at p. 7.)  Consequently, the Court issued an Order and Second Notice of Deficiency, ordering Plaintiff "to cure this deficiency by submitting a *signed* affidavit **WITHIN THIRTY (30) DAYS**."  (Sept. 22, 2016 Order and Second Deficiency Notice 1, ECF No. 9.)  The Court again advised Plaintiff that failure to timely comply would result in dismissal for failure to prosecute and directed the Clerk to send two copies of Plaintiff's unsigned affidavit to him for completion.

On November 2, 2016, when Plaintiff failed to timely comply with the Court's September 22, 2016 Order and Second Deficiency Notice, the Court issued an Order and Third and Final Notice of Deficiency (ECF No. 15), affording Plaintiff an additional fourteen days to submit the requisite signed affidavit.  The Court again advised that failure to timely comply will result in dismissal with prejudice for failure to prosecute.

To date, Plaintiff has failed to comply with the Court's Orders and Notices of Deficiency.

## II.

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plainti ff's action pursuant to Rule 41(b).  The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626,

629–31 (1962).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).  "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'"  *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III.

Here, the Court's repeated Orders and Notices of Deficiency (ECF Nos. 2, 9, and 15) cautioned Plaintiff that failure to comply would result in dismissal of this action for failure to prosecute pursuant to Rule 41(b).  *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate).  Plaintiff's failure to timely comply with these clear Orders of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct.  *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal").  Because Plaintiff has missed deadlines and disregarded Court orders, the Undersigned concludes that no alternative sanction would protect

3

the integrity of the pretrial process.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION** under Rule 41(b).

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED**.

4

Date: November 30, 2016                          /s/ *Elizabeth A. Preston Deavers*

                                              ELIZABETH A. PRESTON DEAVERS
                                              UNITED STATES MAGISTRATE JUDGE

5